IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANDSMAN & FUNK, P.C.
on behalf of itself and all others
similarly situated,

        OPINION AND ORDER

                 Plaintiff,

        08-cv-481-bbc

    v.

LORMAN BUSINESS CENTER, INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil lawsuit in which plaintiff Landsman & Funk, P.C. contends that defendant Lorman Business Center, Inc. sent plaintiff fax advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its accompanying regulations promulgated by the Federal Communications Commission, 47 C.F.R. § 64.1200. Plaintiff alleges that defendant's violation is not unique to the faxes received by plaintiff and requests that this action proceed as a class action under Fed. R. Civ. P. 23. Jurisdiction is present. 28 U.S.C. § 1331; Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005).

      The case is before the court on two motions: (1) defendant's motion to dismiss under Rules 12(b)(1) and (6), dkt. #11; and (2) plaintiff's motion for class certification under Rule

1

23, dkt. #21. Because plaintiff's complaint fails to state a claim upon which relief can be granted, defendant's motion to dismiss will be granted. For the sake of completeness, I will decide the motion for class certification, which will be denied because plaintiff fails to satisfy all of Rule 23's requirements.

As an initial matter, I note that plaintiff is abandoning several claims. Although plaintiff alleges in the complaint that it is pursuing three causes of action on behalf of three separate classes, it states in its brief in support of its motion for class certification that it has decided to pursue only one cause of action on behalf of a single class. Plt.'s Br. for Class Cert., dkt. #22, at 1. Therefore, the other causes of action will be dismissed without further discussion. Fed. R. Civ. P. 41(b).

Generally, when a court decides a motion to dismiss under Rule 12(b)(6), it is restricted to an analysis of the complaint. Hill v. Trustees of Indiana University, 537 F.2d 248, 251 (7th Cir. 1976). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Venture Associate Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993) (citations omitted). This exception to the general rule is meant to "prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002). In this case, I find it proper to consider as part of the pleadings the

2

seminar enrollment form attached to defendant's motion to dismiss because a failure to consider the document would permit the type of artful pleading the exception is intended to prevent.

>Plaintiff alleges in its complaint that
>
>>All of the fax advertisements were wholly unsolicited in that they were sent to Plaintiff by or on behalf of Defendant without Plaintiff's express invitation or permission.

Cpt., dkt. #1, at 3 ¶12. The seminar enrollment form attached to defendant's motion directly contradicts plaintiff's allegation. On the form, plaintiff's president, Ronald Funk, provided defendant express permission to send fax advertisements to plaintiff's fax number by listing plaintiff's fax number on the form. The form clearly explained that

>*PROVIDING YOUR FAX NUMBER CONSTITUTES AN EXPRESS INVITATION TO SEND YOU FAX ADVERTISEMENTS ABOUT FUTURE LORMAN SEMINARS.

Dkt. #13, exh. 1. Thus, the enrollment form is central to plaintiff's complaint. By sending its fax number to defendant, plaintiff cannot assert that the fax advertisements it received from defendant were "unsolicited," so as to fall within the category of fax advertisements regulated under 47 U.S.C. § 227. Although plaintiff does not refer to the enrollment form in its complaint, it does not dispute the authenticity of the form or its content. In fact, upon defendant's submission of the enrollment form to the court, plaintiff voluntarily decided not to pursue its claims that it received unsolicited fax advertisements from defendant.

3

Accordingly, I will consider the enrollment form attached to defendant's motion to dismiss as part of the pleadings in ruling on defendant's motion.

The following facts are undisputed and taken from plaintiff's complaint, documents attached to its complaint and the document attached to defendant's motion to dismiss.

FACTS

A. Parties

Plaintiff Landsman & Funk, P.C., is a New York corporation with its principal place of business in New York, New York. Plaintiff is a law firm. Defendant Lorman Business Center, Inc. is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin. Defendant sponsors continuing education seminars.

B. Defendant's Faxes

Defendant sends fax advertisements about its continuing education seminars. On October 6, 2005, Ronald P. Funk, a shareholder employed by plaintiff, enrolled himself and his colleague, Paul Landsman, in one of defendant's seminars. On the enrollment form, Funk provided express permission for defendant to send fax advertisements regarding future seminars to plaintiff's fax number, 212-471-2509.

Between August 1, 2006 and November 7, 2008, defendant sent plaintiff more than

4

90 fax advertisements for continuing education seminars. All the fax advertisements contained the following opt-out notice:

> You may ask us not to send future advertisements to you by emailing us at customerlist@lorman.com, calling us at (877) 659-2233, or faxing your request to (715) 833-3953. Please follow the instructions provided to opt-out from receiving future faxes. For us to be able to honor this request, you must include the name of the person (or persons) and fax number (or numbers) you wish to opt-out. Failure to comply within a reasonable time with a request to opt-out would be unlawful.

Cpt., dkt. #1, exh. A. During that same time period, defendant sent more than 7,500,000 fax advertisements containing the same opt-out notice to other potential class members.

## OPINION

### A. Motion to Dismiss

1. Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a complaint may be dismissed for "lack of subject-matter jurisdiction." The burden in proving that subject matter jurisdiction exists rests with the party asserting federal jurisdiction, which in this case is plaintiff. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).

Defendant contends that this court lacks subject matter jurisdiction to hear plaintiff's claim because plaintiff lacks standing to bring its claim. Defendant contends that plaintiff has not suffered an injury in fact, that is, any actual damages. Plaintiff disagrees,

5

contending that although it has not suffered any actual damages, it has standing to sue for statutory damages as provided under 47 U.S.C. § 227(b)(3)(B). I agree with plaintiff.

Standing is a critical component of the case and controversy requirement of Article III of the United States Constitution. If a party does not have standing to sue, no case or controversy exists and the federal courts lack subject matter jurisdiction to hear the case. Discovery House, Inc. v. Consolidated City of Indianapolis, 319 F.3d 277, 279 (7th Cir. 2003). The requirements for standing under Article III are well established. The first requirement, and the only one at issue in this case, is that the plaintiff must have suffered an "injury in fact." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In Crabill v. Trans Union, L.L.C., 259 F.3d 662, 665 (7th Cir. 2001), the Court of Appeals for the Seventh Circuit discussed the injury in fact requirement with respect to claims pursued under statutes that provide for "statutory damages" and noted,

> Many statutes, notably consumer-protection statutes, authorize the award of damages (called "statutory damages") for violations that cause so little measurable injury that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory. . . . The award of statutory damages could also be thought a form of bounty system, and Congress is permitted to create legally enforceable bounty systems for assistance in enforcing federal laws, provided the bounty is reward for redressing an injury of some sort (though not necessarily an injury to the bounty hunter)[.]"

Id. at 665.

Although the court's discussion in Crabill is dicta, its discussion of legally enforceable

6

bounty systems provides guidance in this case. Under 47 U.S.C. § 227(b)(3), a person or entity may pursue "an action to recover for actual monetary loss from [ ] a violation[ of this subsection or regulations prescribed under this subsection,] or to receive $500 in damages for each such violation, whichever is greater . . . ." Because the statutory damages provision of the Act authorizes a consumer to sue even if the consumer suffers no actual harm, it is clearly a bounty system created by Congress for assistance in enforcing the Act. The injury is receiving a fax advertisement that violates the statute or its accompanying regulations. Therefore, plaintiff's allegation that defendant sent it fax advertisements containing an improper opt-out notice in violation of the regulations promulgated under 47 U.S.C. § 227(b)(3) is sufficient to establish standing to sue under the statute and its regulations.

2. Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a claim or entire complaint may be dismissed for a "failure to state a claim upon which relief can be granted." A plaintiff does not need to include detailed factual allegations, but it must allege enough facts to raise its right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Nonetheless, a claim should be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. at 558.

Defendant contends that its Rule 12(b)(6) motion to dismiss should be granted

because plaintiff's complaint fails to state a claim for a violation of 47 C.F.R. § 64.1200(a)(3)(iv), which is a regulation promulgated under the Telephone Consumer Protection Act. Defendant contends that its opt-out notice satisfies the regulation's opt-out notice requirement; thus, plaintiff is not entitled to any relief. Plaintiff responds that defendant's opt-out notice fails to satisfy § 64.1200(a)(3)(iv) because (1) it lacks a Federal Communications Commission-mandated statement that response to an opt-out request must be made within 30 days and (2) it lacks a Federal Communications Commission-mandated statement that a proper opt-out request must satisfy specific requirements listed in the regulations. Defendant wins this round. Its opt-out notice satisfies § 64.1200(a)(3)(iv) and its motion to dismiss will be granted.

Before addressing whether defendant satisfied § 64.1200(a)(3)(iv), I note that defendant also challenges the validity of the Federal Communications Commission's regulation. However, I need not discuss that challenge because I have determined that defendant's notice satisfies the regulation. If defendant still wants to challenge the regulation's validity it should either petition the commission for reconsideration of the order creating the regulation, 47 U.S.C. § 405, or appeal the commission's order establishing the regulation, 47 U.S.C. § 402(a).

I turn then to whether defendant's opt-out notice satisfies § 64.1200(a)(3)(iv). The regulation states, "A facsimile advertisement that is sent to a recipient that has provided

8

prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section." Section 64.1200(a)(3)(iii) states in relevant part:

> A notice contained in an advertisement complies with the requirements under this paragraph only if –
>
> (A) The notice is clear and conspicuous and on the first page of the advertisement;
> (B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;
> (C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v);

Section 64.1200(a)(3)(v) states:

> A request not to send future unsolicited advertisements to a telephone facsimile machine complies with the requirements under this subparagraph only if –
>
> (A) The request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates;
> (B) The request is made to the telephone number, facsimile number, Web site address or e-mail address identified in the sender's facsimile advertisement; and
> (C) The person making the request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at such telephone facsimile machine.

Although there are additional requirements for a proper opt-out notice, they are not in dispute.

Under the Telephone Consumer Protection Act, the Federal Communications

9

Commission is charged with prescribing regulations to implement the Act's requirements. 47 U.S.C. § 227(b)(2). The Telephone Consumer Protection Act was amended by the Junk Fax Prevention Act of 2005. One new addition was the requirement that opt-out notices be included in unsolicited fax advertisements sent to recipients who have an established business relationship with the sender. 47 U.S.C. § 227(b)(1)(C)(iii). In creating regulations to address the new opt-out notice requirement, the commission made the following statement:

> The Commission is persuaded that rules specifying the font type, size and wording of the notice might interfere with fax senders' ability to design notices that serve their customers. However, the Commission makes some additional determinations about the opt-out notice so that facsimile recipients have the information necessary to avoid future unwanted faxes.

Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005, 71 FR 25,967-01, 25,969 (May 3, 2006). The commission's comments make it clear that a proper opt-out notice need not contain any specific wording.

According to 47 U.S.C. § 227(b)(2)(D)(ii), it is unlawful to fail to comply with an opt-out request "within the shortest reasonable time, as determined by the Commission." This section of the statute explicitly provided the commission the power to interpret the term, "within the shortest reasonable time." The commission's interpretation is found in 47 C.F.R. § 64.1200(a)(3)(iii)(B), in which the commission determined that "a reasonable time to honor such requests must not exceed 30 days from the date such a request is made." 71

10

FR at 25,970. In other words, failure to honor a request within 30 days is presumed to be unreasonable. The commission explained further that "facsimile senders with the capability to honor do-not-fax requests in less than 30 days *must* do so." Id. (Emphasis added).

Defendant's opt-out notice informs recipients that its "[f]ailure to comply *within a reasonable time* with a request to opt-out would be unlawful." (Emphasis added.) Despite the commission's comment about not setting specific wording requirements, plaintiff contends that defendant's notice violates the regulation because it is vague. In plaintiff's view, the opt-out notice in the fax advertisements it received from defendant failed to satisfy § 64.1200(a)(3)(iv) because the notice did not state explicitly that failure to comply with an opt-out request *within 30 days* is unlawful, as stated in § 64.1200(a)(3)(iii)(B). Plaintiff takes the position that the notice must contain the phrase "within 30 days," or some other number of days less than 30; otherwise, recipients would not have the information necessary to avoid future unwanted faxes, that is, recipients would not know that if after 30 days the fax sender fails to comply with the opt-out request, the sender has violated the statute and accompanying regulations. Plaintiff misconstrues the regulation.

According to the commission's comments, a sender could comply with an opt-out request within 30 days and still violate § 64.1200(a)(3)(iii)(B). For example, a sender would be in violation of the regulation if it could comply with the request in 10 days but waited 29 days to comply. Thus, even an opt-out notice including the phrase "within 30 days" is

11

somewhat misleading about the time in which a sender must comply with an opt-out request before running afoul of the regulations.

Defendant's notice properly informs recipients about the time limitation on defendant's duty to comply with an opt-out request. Although defendant's notice does not explain what "a reasonable time" would be, a recipient could believe that compliance within one week was "a reasonable time." In that circumstance, the recipient may be right depending on defendant's response capabilities. Therefore, what plaintiff characterizes as a vague notice may actually be more in accordance with the purpose behind the regulation than a notice containing the phrase "within 30 days." Regardless which phrasing would be better, what is clear is that the recipient of defendant's notice would be no less informed than if the notice contained plaintiff's suggested "within 30 days" phrasing.

Plaintiff argues that even if defendant's notice need not contain a specific number of days, the notice should at least explain defendant's duty to respond in "the shortest reasonable time" as opposed to merely "a reasonable time." Again, plaintiff is requesting that the notice contain specific wording, which is not required by the regulations. Furthermore, although the statute uses the phrase, "the shortest reasonable time," this phrase is absent from the regulation. Plaintiff's claim is based on the regulatory, not statutory, language and on the commission's interpretation of the statute, because the statute refers to unsolicited fax advertisements, not solicited fax advertisements like the fax

advertisements defendant sent to plaintiff. Although defendant's notice does not contain the specific "within 30 days" wording found in the regulation, it does provide the information necessary to inform recipients about the time limitation on its duty to comply. Therefore, defendant's notice satisfies 47 C.F.R. § 64.1200(a)(3)(iv)'s requirement that a solicited fax advertisement contain an opt-out notice in compliance with § 64.1200(a)(3)(iii)(B).

The second issue plaintiff raises with respect to defendant's opt-out notice relates to what the sender tells the recipient about the necessary prerequisites for an opt-out request. Plaintiff believes that defendant's notice does not properly explain that defendant does not have to honor opt-out requests that do not satisfy all relevant requirements. Again, plaintiff's characterization is incorrect.

The regulations require that a proper opt-out notice "set[] forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section." 47 C.F.R. § 64.1200(a)(3)(iii)(C). An opt-out request satisfies the regulatory requirements only if (1) the request identifies the phone number or numbers of the fax machine or machines opting out of receiving future fax advertisements; (2) the request is made to the number, web site, etc. identified in the sender's opt-out notice; and (3) the person making the request does not provide express permission for the sender to send fax advertisements after the initial opt-out request. Id. § 64.1200(a)(3)(v).

13

Defendant's notice lists an email address, phone number and fax number where a recipient can send an opt-out request.  Defendant's notice further states, "Please follow the instructions provided to opt-out from receiving future faxes.  For us to be able to honor this request, you must include the name of the person (or persons) and fax number (or numbers) you wish to opt-out."  Plaintiff contends that these two sentences fail to inform recipients that any opt-out request must be made in a specific form for defendant to be obligated to honor the request.  Plaintiff's contention is an unpersuasive game of semantics.  Defendant's notice makes it clear that an opt-out request will not be honored unless the request contains the name and fax number of the opt-out requester and is sent to defendant through one of three options listed in the notice.  Thus, defendant's notice satisfies 47 U.S.C. § 64.1200(a)(3)(iii)(C) by sufficiently setting forth the requirements of a proper opt-out request.

In sum, defendant's opt-out notice satisfies 47 C.F.R. § 64.1200(a)(3)(iv).  Plaintiff is no longer asserting that defendant's sending of fax advertisements violated any other statute or regulations.  Accordingly, the allegations in plaintiff's complaint, however true, do not raise a claim of entitlement to relief.  Defendant's Rule 12(b)(6) motion to dismiss will be granted.

B.  Rule 23 Class Certification

When a complaint includes a class allegation "the district court *must* address the allegation, no matter what the parties later do." Bieneman v. City of Chicago, 838 F.2d 962, 963 (7th Cir. 1988). Plaintiff's complaint includes class allegations; in fact, plaintiff moved for class certification after defendant filed its motion to dismiss. Thus, the issue of class certification must be addressed. "[I]f the court determines that the named plaintiffs' claims lack merit, such a decision 'ordinarily, though not invariably, . . . disqualifies the named plaintiffs as proper class representative,' thus resolving the issue of class certification." Chavez v. Illinois State Police, 251 F.3d 612, 630 (7th Cir. 2001) (alterations in original) (quoting Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941 (7th Cir. 1995)). Plaintiff's complaint will be dismissed for failure to state a claim, disqualifying plaintiff as a proper class representative. Furthermore, plaintiff fails to satisfy Fed. R. Civ. P. 23's typicality and superiority requirements. Therefore, plaintiff's motion for class certification will be denied.

Under Rule 23 district courts maintain broad discretion in determining whether certification of a class-action lawsuit is appropriate. Keele v. Wexler, 149 F.3d 589, 592 (7th Cir. 1998) (citation omitted). To demonstrate that class certification is appropriate a party must first satisfy the four prerequisites listed under Rule 23(a), one of which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class. Additionally, the party requesting certification must satisfy one of the

15

requirements under Rule 23(b).  Pertinent to this case is Rule 23(b)(3), which requires in part proof "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  If the party seeking class certification, in this case plaintiff, fails to satisfy any requirement under Rule 23, class certification is precluded.  <u>Valentino v. Howlett</u>, 528 F.2d 975, 978 (7th Cir. 1976) (citation omitted).

Although plaintiff originally sought class certification of three separate classes, it now requests certification of only the following class:

> All persons from August 1, 2006 through present, to whom Defendant sent or caused to be sent a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), using a telephone facsimile machine, computer, or other device.

Initially, it is clear that plaintiff is no longer a part of this proposed class, and an improper representative, because the notice it received met the requirements of § 64.1200(a)(3)(iii). Plaintiff also fails to satisfy Rule 23's typicality and superiority requirements.  Thus, class certification is not appropriate and plaintiff's motion for class certification will be denied.

Under Rule 23's typicality requirement, the issue is whether "the named representatives' claims have the same essential characteristics as the claims of the class at large."  <u>De La Fuente v. Stokely-Van Camp, Inc.</u>, 713 F.2d 225, 232 (7th Cir. 1983).  The typicality requirement is meant to "ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class."  <u>Mace v. Van Ru</u>

16

Credit Corp., 109 F.3d 338, 341 (7th Cir. 1997). Plaintiff contends that its claim that defendant's notice fails to satisfy 47 C.F.R. § 64.1200(a)(3)(iii) is typical of all class members. Although plaintiff's notice claim would be typical for class members, the problem that arises is that the class members may have additional claims that plaintiff will not.

Plaintiff's broad class definition would cover fax recipients whose circumstances would require consideration of two additional questions of law: (1) whether the fax advertisements were "unsolicited"; and (2) whether defendant has an "established business relationship" with each recipient. Although all fax advertisements must include a proper opt-out notice, regardless of the recipient, these additional questions would have to be answered for each recipient. If some recipients answer "yes" to the former question and "no" to the latter, those recipients would have additional claims against defendant for additional violations of the Telephone Consumer Protection Act and its regulations and those additional violations would carry additional damage awards. Plaintiff's answer to both questions is "no." Thus, its circumstances would not be typical of all other class members.

Furthermore, although in any class action for damages no two parties will ever have exactly the same claim, the issue is whether the differences will make it impractical to resolve any significant issues regarding liability on a class wide basis. Deciding whether a recipient received an "unsolicited" fax advertisement and whether there is an "established business relationship" would require individual fact intensive inquiries that would make class wide

17

decisions impractical. Answering those two questions would require an examination of past interactions between defendant and each recipient. For example, to determine whether any recipients had an "established business relationship" with defendant, the court would have to ask whether there was

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(5). If the proposed class came even close to covering plaintiff's estimate of 84,029 people, having to make such a determination for each class member would make a class wide decision impractical.

Additionally, plaintiff has failed to prove that a class action is the superior method for adjudicating this case as required under Rule 23(b)(3). Rule 23(b)(3) provides a non-exhaustive list of four factors to be considered when addressing the superiority requirement. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623-24 (1997). A court should consider

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

If, as plaintiff estimates, each class member received 90 fax advertisements from defendant and each fax violated the statute or regulations in only one way, then each class member would be entitled to $45,000 in statutory damages. The possibility of recovering such a large amount of money relative to the cost of having received 90 faxes is an incentive to pursue individual claims. In other words, pursuing this lawsuit as a class action is not a superior method of adjudication because potential class members would not need a class action as an incentive to pursue their claims. Also, as discussed under the typicality requirement, determining whether fax advertisements were unsolicited and whether class members had an established business relationship with defendant for approximately 84,029 people would present difficult management problems. Furthermore, because class members who received unsolicited faxes may have additional claims under the statute and regulations, they would most likely be interested in individually controlling the prosecution of their claims. Plaintiff did not receive unsolicited fax advertisements and would have no incentive to rigorously pursue additional claims related to unsolicited fax advertisements. Thus, plaintiff has not satisfied all the necessary requirements under Rule 23. Its motion for class certification will be denied.

ORDER

IT IS ORDERED that:

1. The motion to dismiss, dkt. #11, filed by defendant Lorman Business Center, Inc. is GRANTED and plaintiff Landsman & Funk, P.C.'s complaint is DISMISSED for failure to state a claim upon which relief can be granted;

2. Plaintiff's motion for class certification, dkt. #21, is DENIED; and

3. The clerk of court is directed to enter judgment DISMISSING this case in favor of defendant and close the case.

Entered this 9th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge